IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SUNSHINE H. HAUANIO,<br><br>Plaintiff,<br><br>vs.<br><br>THE MICHAELS ORGANIZATION,<br><br>Defendant. | CIV. NO. 23-00354 RT-NONE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS |

**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**

On August 23, 2023, Plaintiff Sunshine H. Hauanio filed an *Application to Proceed in District Court Without Prepaying Fees or Costs* ("Application"). ECF No. 2. The Court shall decide the *Application* without a hearing pursuant to Rule 7.1(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules").

After careful review of the *Application*, *Employment Discrimination Complaint* ("Complaint") (ECF No. 1) and applicable law, the Court **FINDS** that the *Complaint* fails to state a claim and **RECOMMENDS** that the *Complaint* be **DISMISSED WITHOUT PREJUDICE** with leave to amend. The Court further **RECOMMENDS** that the *Application* be **DENIED WITHOUT PREJUDICE**.

## DISCUSSION

Plaintiff is proceeding pro se and is requesting to proceed *in forma pauperis*. In determining whether Plaintiff should be permitted to proceed *in forma pauperis*, the Court is required to conduct a mandatory screening of the *Complaint* pursuant to 28 U.S.C. § 1915(e). Based on its review, the Court may deny the *Application* and dismiss the *Complaint* if during the screening, the Court determines from the face of the *Complaint* that:

    (A)  The allegation of poverty is untrue; or

    (B)  The action or appeal--

        (i)    is frivolous or malicious;
        (ii)   fails to state a claim on which relief may be granted; or
        (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). During the screening process, the Court must accept as true the allegations in the *Complaint*. *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976) (citation omitted). In addition, the Court is required by the Ninth Circuit to construe the pleadings filed by *pro se* litigants liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted); *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

### A. The Complaint Should Be Dismissed

The Court first turns to the screening of the *Complaint* and finds that the *Complaint* fails to state a claim. Rule 8 of the Federal Rules of Civil Procedure

("Fed. R. Civ. P.") sets forth the pleading standard and requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "The Federal Rules require that averments 'be simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Although the federal rules adopt a flexible pleading policy, a complaint must "give[ ] fair notice and state[ ] the elements of the claim plainly and succinctly." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted).

Detailed factual allegations are not required under Fed. R. Civ. P. 8, but the rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In this case, even construing the *Complaint* liberally, the Court is unable to find that Plaintiff has sufficiently alleged a viable claim. Plaintiff's claims the following:

> B. [Termination of my employment:] I was terminated during my medical treatment while under the care of my physician & undergoing additional treatment for workers compensation for my disability.
>
> C. [Failure to promote me:] There was [sic] multiple discussions over several occasions of my promised promotion as the assistant manager. However, despite the assurances and discussions, the promotion never materialized. In each discussion, I was provided with positive feedback regarding my work and was told that my promotion was imminent. I was encouraged to continue working hard, taking on additional responsibilities, and going above and beyond my current role to prove my capabilities.
>
> D. [Other acts:] I witnessed the mistreatment of my coworker & reported the misconducts. As well as [sic] witnessing her public termination among staff members.

ECF No. 1 at PageID.2. In support of these allegations, Plaintiff states the following facts:

> 1. Religion – Inequalities of religious beliefs and freedoms within the office and during an event with residents.
>
> 2. Sex – Pregnancy Discrimination – Manager's comments regarding my future pregnancies and the negative affects it could have on my job due to the leave I would need if I became pregnant again and be away from the office.
>
> 3. Retaliation – I reported misconduct in the office. During a staff meeting, I was intimidated, bullied, harassed & publicly embarrassed among staff members for engaging to protect my coworker. I was then terminated from my employment during my medical treatment from a work related injury & filed for workers compensation. I faced other retaliatory repercussions and continue to be retaliated against.

>4. Disability – Due to my disability, I was terminated during my medical treatment while under the care of my physician & other on-going treatment for workers compensation.
>
>5. Sexual harassment – I was reported to & witnessed the habitual harassment of my coworker about sexual harassment allegations reported to Management [sic][.]

*Id*. at 3. Plaintiff's statements fail to even provide a threadbare recital of the elements of a cause of action, which even if Plaintiff did, is not enough to meet the pleading standards under Fed. R. Civ. P. 8.

At the outset, Plaintiff alleges Defendant committed adverse employment action against her, namely termination and failure to award Plaintiff a promotion, but Plaintiff is not clear as to which act committed by Defendant The Michaels Organization ("Defendant") Plaintiff is claiming to have been the result of which particular discrimination. Further, as to Plaintiff's claim of discrimination based on religion, Plaintiff fails to state that she is a member of a protected class, she was qualified for her position, and others similarly situated were treated more favorably. *See Bodett v. CoxCom, Inc.*, 366 F.3d 736, 743 (9th Cir. 2004). Under Plaintiff's discrimination based on sex claim, Plaintiff fails to allege whether she was qualified for her job and that similarly situated employees not in her protected class received favorable treatment in comparison. *See Heilman v. Memeo*, 359 F. App'x 773, 776 (9th Cir. 2009).

Plaintiff's claim regarding retaliation similarly fails. Plaintiff alleges that she reported some sort of misconduct, but Plaintiff fails to allege that Plaintiff was engaged in any sort of protected activity and that there is any causal link between Plaintiff's protected activity and an adverse employment decision. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002) (citation omitted). Plaintiff's discrimination claim based on disability fails because Plaintiff does not allege that she was disabled as defined by the ADA and that she was qualified to perform the job. *See Sanders v. Arneson Prod., Inc.*, 91 F.3d 1351, 1353 (9th Cir. 1996). Further, it is also unclear whether Plaintiff is alleging sexual harassment against herself or others, whether she reported sexual harassment claims to Defendant, or whether Plaintiff is alleging that her witnessing of sexual harassment has something to do with her retaliatory claims. Based on these reasons, the Court finds that the *Complaint* fails to state a claim and recommends that the Complaint be dismissed.

### B. Dismissal of the Complaint Should Be Without Prejudice

Although the *Complaint* is deficient, Plaintiff is proceeding *pro se* and the deficiencies could potentially be cured by amendment. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be

cured by amendment." (citations omitted) (internal quotes omitted)).  The Court thus recommends that the *Complaint* be dismissed without prejudice and that Plaintiff be permitted leave to file an amended complaint.  If the *Complaint* is dismissed and Plaintiff elects to amend, Plaintiff shall title the amended pleading "**First Amended Complaint**" and must address the deficiencies noted in this Findings and Recommendation and/or in the district court's order, as directed by the district court.

### C. The Application Should Be Denied Without Prejudice

The *Application* should be denied based on this Court's finding that the *Complaint* fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2); *Tripati*, 821 F.2d at 1370; *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).  Plaintiff is reminded that if Plaintiff elects to amend, Plaintiff is required to submit another application to proceed *in forma pauperis* or pay the filing fees.

### CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the district court **DISMISS** the *Complaint* without prejudice and **DENY** the *Application*.  The Court **RECOMMENDS** that Plaintiff be **GRANTED** leave to amend.  If the district court dismisses and grants Plaintiff leave to amend the *Complaint*, Plaintiff must timely file an amended complaint by the deadline set by the district court.  If the

district court permits, Plaintiff must also either file another application or pay the required filing fee. Failure to meet the requirements and deadlines set forth by the district court shall result in an automatic dismissal.

Due to the lack of full consent of the parties under 28 U.S.C. § 636(c), the Clerk of Court is directed to **ASSIGN** this case to a district judge. Magistrate Judge Trader to remain as the assigned Magistrate Judge.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 25, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00354 RT-NONE; *Sunshine H. Hauanio vs. The Michaels Organization*; Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed in Forma Pauperis