IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SUNSHINE H. HAUANIO,<br><br>Plaintiff,<br><br>vs.<br><br>THE MICHAELS ORGANIZATION,<br><br>Defendant. | Civil No. 23-00354 MWJS-RT<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT |

**INTRODUCTION**

The Michaels Organization (TMO), Defendant here, moves under Rule 12 of the Federal Rules of Civil Procedure to dismiss the First Amended Complaint (the FAC) against it for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a plausible claim for relief. Plaintiff Sunshine H. Hauanio opposes the motion on all points.

Hauanio is correct that the FAC adequately alleges subject matter jurisdiction. But Hauanio has not established personal jurisdiction over TMO and the FAC does not state a plausible claim for relief. The Court therefore DISMISSES the FAC without prejudice. Hauanio is granted leave to amend once more, but is cautioned that if she does not adequately address the deficiencies in her pleadings, her next complaint may be dismissed with prejudice.

**BACKGROUND**

On August 23, 2023, proceeding pro se, Hauanio filed a complaint against TMO in which she generally alleged that TMO terminated her employment, failed to promote her, and retaliated against her. The complaint made largely conclusory allegations about religion, sex, retaliation, disability, and sexual harassment, without identifying who committed what acts, against whom those acts were committed, generally when they were committed, or why those acts were causally related to the alleged termination, failure to promote, and retaliation. Together with her complaint, Hauanio filed an application to proceed in forma pauperis, that is, without prepayment of fees or security. ECF Nos. 1 & 2.

The Court granted her application. ECF No. 12. But pursuant to the in forma pauperis statute, *see* 28 U.S.C. § 1915(e)(2), the Court also screened Hauanio's complaint and concluded that it did not adequately state a claim. ECF No. 12. On this point, the Court adopted the Findings and Recommendation of a U.S. Magistrate Judge that identified, in detail, the ways in which Hauanio's complaint failed to make sufficient factual allegations to support her claims. *Id.* (adopting, as modified, ECF No. 9). The Court therefore ordered Hauanio to file an amended complaint by November 13, 2023, that complied with the Findings and Recommendation. *Id.*

Hauanio timely filed her FAC on November 13, 2023. ECF No. 14. The

FAC alleges discrimination based on religion, pregnancy, and disability, as well as retaliation and sexual harassment. *Id.* In response, TMO moved to dismiss the FAC for failure to allege subject matter jurisdiction, under Rule 12(b)(1); personal jurisdiction, under Rule 12(b)(2); and a plausible claim for relief, under Rule 12(b)(6). ECF No. 20. The Court elects to decide this motion without a hearing, as authorized by Local Rule 7.1(c).

## DISCUSSION

### A. This Court Has Subject Matter Jurisdiction over Hauanio's Claims

TMO first argues that this Court lacks subject matter jurisdiction over Hauanio's claims because the FAC does not allege that she exhausted her administrative remedies, as is required for discrimination and retaliation claims brought under Title VII. For that reason, TMO moves to dismiss the FAC under Rule 12(b)(1).

Although the FAC does not specifically cite Title VII, the Court agrees that Hauanio's employment discrimination claims—construed liberally so as to raise the strongest arguments they suggest, *see Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017)—appear to be based in part[1] on that federal statute. Ordinarily, a

[1] Although TMO's motion to dismiss focuses on Title VII, Hauanio's disability discrimination claim appears to be based on Title I of the American with Disabilities Act of 1990 (ADA), *see* ECF No. 14, at PageID.47 (alleging that "TMO failed to provide reasonable accommodations or engaged in discriminatory

federal court has subject matter jurisdiction over claims based on federal statutes. *See* 28 U.S.C. § 1331. But under Title VII, Hauanio was required to exhaust her administrative remedies before filing suit in federal court. *See Fort Bend County v. Davis*, 139 S. Ct. 1843, 1846 (2019). And the Ninth Circuit once held this exhaustion requirement to be jurisdictional—that is, that a failure to exhaust would deprive a court of subject matter jurisdiction over claims. *Sommatino v. United States*, 255 F.3d 704 (9th Cir. 2001).

In *Fort Bend County*, however, the Supreme Court instead held that "Title VII's charge-filing requirement . . . is *not* a jurisdictional prescription." *Fort Bend County*, 139 S. Ct. at 1851 (emphasis added). Because that holding cannot be reconciled with the Ninth Circuit's decision in *Sommatino*, this Court must follow *Fort Bend*. *See Neill v. YMCA of San Diego*, No. 23-cv-457, 2023 WL 7514135, at *5 (S.D. Cal. Nov. 13, 2023) (observing that "as multiple courts have concluded, *Sommatino*'s pronouncement is no longer good law"). *See generally Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (explaining that "where intervening Supreme Court authority is clearly irreconcilable with our prior circuit

---

actions based on" disabilities recognized under the ADA); the Court has federal question jurisdiction over that claim. *See* 28 U.S.C. § 1331. And to the extent that Hauanio's claims are based on state law and form part of the same case or controversy as her Title I and/or VII claims, this Court has supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(a); ECF No. 14, at PageID.49-55 (quoting state laws).

authority," both Ninth Circuit panels and district courts "should consider themselves bound by the intervening higher authority").

Accordingly, any failure to exhaust administrative remedies would not deprive this Court of subject matter jurisdiction, and TMO's motion to dismiss for lack of subject matter jurisdiction must be denied.[2]

**B. Hauanio Has Not Established Personal Jurisdiction over TMO**

TMO next moves to dismiss the FAC under Rule 12(b)(2), on the ground that Hauanio has not established this Court's personal jurisdiction over TMO. The Court agrees.

1. Defendants have a constitutional due process right not to be "subject to the binding judgments of a forum with which [they] have established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). And a plaintiff that seeks to have a court assert personal jurisdiction over

---

[2] Nor would it be appropriate to grant TMO's motion as a motion to dismiss under Rule 12(b)(6) for failure to state a plausible claim for relief. Given that exhaustion is not a jurisdictional requirement, Hauanio was not required to allege her compliance with the requirement in her complaint. *See Marcos v. U.S. Dep't of the Navy*, No. 22-00418, 2023 WL 6283257, at *2 (D. Haw. Sept. 26, 2023). And in her opposition to TMO's motion, she does allege that she exhausted her claims and attaches what appears to be documentary proof. ECF No. 23-1, at PageID.90-91, 99-103. To the extent TMO disputes that these are factually sufficient to prove that Hauanio exhausted her claims, that dispute is more appropriately resolved at the summary judgment stage.

a defendant has "the burden of proving such jurisdiction," *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177 (9th Cir. 2004), which they must meet "for each claim asserted against a defendant," *id.* at 1180.

A plaintiff might meet their burden in either of two ways: establishing general or specific jurisdiction over a defendant. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). To establish general jurisdiction, a plaintiff must show either that a defendant is domiciled in the forum, or that the defendant's contacts with the forum are so extensive that they are effectively "present" in that forum for all purposes. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). To establish specific jurisdiction, a court must examine "the quality and nature of the defendant's contacts with the forum state in relation to the cause of action." *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).[3]

2. The FAC in this case does not allege facts that would be sufficient to show either general or specific jurisdiction. In fact, the FAC nowhere alleges that

---

[3] Where, as here, there is no federal statute governing personal jurisdiction, "the district court applies the law of the state in which it sits." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608-09 (9th Cir. 2010). Because Hawaii's long-arm jurisdictional statute is coextensive with due process requirements, *Haw. Forest & Trail Ltd. v. Davey*, 556 F. Supp. 2d 1162, 1168 (D. Haw. 2008), the federal due process and state law analyses are the same.

TMO has any connection to the District of Hawai'i. It alleges only that TMO controls a Post Office Box in Camden, New Jersey. ECF No. 14, at PageID.43. And while the FAC alleges that TMO has taken certain actions, it does not allege where any of those actions took place, let alone that any of them took place in the District of Hawai'i. The FAC itself, therefore, fails to allege facts that would show either that TMO is generally present in the District or that Hauanio's claims arise out of TMO's conduct within or directed at the District.

In support of her FAC, Hauanio has submitted six exhibits together with her opposition to TMO's motion. ECF Nos. 23-2 to 23-10, at PageID.94-140. But none of them establish a prima facie basis for exercising either general or specific personal jurisdiction against TMO as to any claim, let alone as to all of Hauanio's claims. Those documents do not establish where TMO generally operates, where Hauanio was working when she worked for TMO, or where the alleged acts that form the basis for her claims took place. Instead, they consist of (i) materials from the EEOC; (ii) a screen shot of an email between two individuals other than Hauanio; (iii) text messages that appear to reflect that a vehicle was towed and that Hauanio's vehicle had stickers on them; (iv) text messages that appear to be between Hauanio and an apparent TMO employee; (v) medical records; and (vi) correspondence about Hauanio's termination. There are stray references to

addresses in Hawaiʻi in these materials,[4] but none of them establish that any actions relevant to Hauanio's claims took place within or otherwise affected the District of Hawaiʻi. Indeed, Hauanio does not explain how any of these materials even relate to her claims.

Finally, in her opposition to TMO's motion, Hauanio asserts that TMO "operates within the District of Hawaii and is therefore subject to this Court's jurisdiction." ECF No. 23-1, at PageID.91. But Hauanio does not offer any allegations in her FAC or any evidence within her exhibits to substantiate that assertion. And even if she had substantiated the statement, it would not, standing alone, be sufficient to establish either general or specific personal jurisdiction: The assertion would not suffice to show that TMO's operations (assuming they exist) are so extensive in the District of Hawaiʻi that it is effectively present here. And it would not establish that any TMO operations within the District of Hawaiʻi are sufficiently related to the claims that Hauanio seeks to bring against TMO here.

For these reasons, the Court concludes that Hauanio has failed to establish personal jurisdiction over TMO.

---

[4] For example, Hauanio appears to have a doctor who resides in Hawaiʻi, ECF No. 23-9, at PageID.132; an email that Hauanio sent to an apparent TMO employee includes what appears to be an address for that employee in Kailua-Kona, Hawaiʻi, *id.* at PageID.133; and an email that Hauanio received from another apparent TMO employee includes an address for that employee in Honolulu, Hawaiʻi, *id.* at PageID.137.

**C. Hauanio Has Not Alleged a Plausible Claim for Relief**

TMO's final argument is that the FAC should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief might be granted. Here again, the Court agrees.

1. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." To show an entitlement to relief, however, it is not enough to allege "labels and conclusion." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint's factual allegations must be "enough to raise a right to relief above the speculative level." *Id.* And while "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable," the complaint must still include sufficient "factual enhancement" to cross "the line between possibility and plausibility." *Id.* at 556-57; *see also Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014).

In considering whether a complaint's allegations are sufficient, the Court must proceed in two steps. First, the Court must "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Eclectic Props.*, 751 F.3d at 996 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Second, the Court must "assume the veracity of well pleaded factual allegations and determine whether they plausibly give rise to an entitlement to

relief." *Id.* (cleaned up).

2. As noted above, Hauanio's initial complaint was dismissed because it failed to allege sufficient facts to state a plausible claim for relief. These shortcomings were identified in detail in the Magistrate Judge's Findings and Recommendation. The FAC does not adequately address them. Instead, as was the case with Hauanio's initial complaint, the FAC makes largely conclusory allegations and does not supply facts that, taken as true, would suffice to establish plausible claims for relief.

The FAC alleges five different theories or categories of claims: religious discrimination, pregnancy discrimination, retaliation and continued disability discrimination, disability discrimination, and sexual harassment. ECF No. 14, at PageID.47. It does not provide sufficient factual enhancement for any of them.

First, the FAC alleges "Religious Discrimination" between January and February 2021. *Id.* Here, the FAC alleges that Hauanio observed a TMO manager cause "disparities in the treatment of individuals based on their religious beliefs and the exercise of their religious freedoms both within the workplace and during an event involving residents." *Id.* These are conclusory assertions. And under the pleading standards that apply in federal court, "an unadorned, the-defendant-unlawfully-harmed-me accusation" does not suffice. *Iqbal*, 556 U.S. at 678. To be sure, the FAC offers a timeframe, identifies a TMO employee, and alleges that

disparate treatment occurred in the workplace. But the FAC does not offer any facts that would support its conclusion that a TMO manager in fact engaged in disparate treatment based on religious beliefs. Indeed, from the FAC alone, the reader does not know what disparate treatment is even being alleged.[5]

Second, under the heading of "Pregnancy Discrimination," the FAC alleges that between October and December 2020, a TMO manager "made inappropriate comments regarding [Hauanio's] prospective pregnancies, implying negative repercussions for my job due to potential leaves of absence associated with future pregnancies." ECF No. 14, at PageID.47. But the FAC does not provide factual allegations about what comments were made, instead making only the conclusory assertion that the unidentified comments were "inappropriate." *Id.* Moreover, the FAC does not specify what negative repercussions were implied to Hauanio, or even how those repercussions were implied. The FAC offers no factual allegations that, taken as true, would show a claim for relief based on pregnancy-related discrimination.

Third, the FAC alleges retaliation and continued disability discrimination

---

5 Under the heading of religious discrimination, the FAC also alleges that "TMO failed to provide reasonable accommodations or engaged in discriminatory actions based on the Plaintiff's disability." ECF No. 14, at PageID.47. This appears to be separate from the religious discrimination claim, but it is equally conclusory; the FAC offers no factual allegations about the alleged disability, the alleged accommodation that was not provided, or the alleged discriminatory actions.

between February and April 2021. Here, the FAC does appear to allege protected conduct in the form of "reporting of misconduct within the office to TMO Management, Regional Management and HR." *Id.* But from there, the FAC offers only conclusory assertions about what followed: "a hostile work environment, intimidation, bullying, harassment, and public humiliation during a staff meeting." *Id.* The FAC offers these conclusions about how TMO's conduct should be viewed, but fails to describe any of the conduct itself. It therefore fails to offer facts that, taken as true, would substantiate the FAC's conclusions. Similarly, the FAC makes the additional assertion that Hauanio was eventually terminated from her employment while she was still receiving medical treatment, and that she endured "additional retaliatory actions" since then. *Id.* The FAC does not allege any facts that would support the conclusion that there is any causal link between her protected activity and the alleged adverse employment decision. Nor does it provide any factual enhancement as to the alleged retaliatory actions.

Fourth, the FAC alleges that Hauanio suffers from PTSD and Adjustment Disorder with Mixed Emotions, and further alleges that between March and April 2021, TMO "failed to provide reasonable accommodations or engaged in discriminatory actions based on the Plaintiff's disability." *Id.* These are merely conclusory labels. The FAC does not identify what accommodations TMO allegedly should have provided or what actions TMO took that could plausibly be

viewed as discriminatory.

Finally, the FAC alleges sexual harassment in February 2021. The allegation appears to be that Hauanio was not herself subjected to this alleged harassment, but that she observed "habitual sexual harassment directed towards [her] coworker." *Id.* She alleges that she was "adversely affected by the incident and on[]going harassment," but that management "did not do anything to prevent the situation." *Id.* Once again, these are conclusory allegations that are insufficient to state a claim for relief. The FAC does not allege what conduct occurred, or how it allegedly adversely affected Hauanio.

To recap: throughout the FAC, Hauanio alleges that TMO engaged in various acts of discrimination, retaliation, and harassment. But it is not enough to simply assert that "discrimination," "retaliation," and "harassment" have taken place. The federal pleading standards do not allow a court to take a plaintiff's conclusions for granted. To state a plausible claim for relief, a plaintiff must spell out what specific acts of discrimination, retaliation, or harassment her claims are based upon, so that a reviewing court can assess whether those allegations, taken as true, are legally sufficient to make out federal claims for relief. For the reasons explained above, the FAC falls short.

### D. Leave to Amend Complaint

Although Hauanio's complaint does not plausibly allege a claim for relief in its current form, and although she has not met her burden of establishing personal jurisdiction, the Court recognizes that Hauanio is proceeding pro se and that she could possibly cure the deficiencies by submitting an amended complaint. Accordingly, the Court dismisses the complaint without prejudice and grants Hauanio leave to amend it.

Any amended complaint—which should be titled "Second Amended Complaint"—must be filed by May 13, 2024, and must cure the deficiencies identified above; that is, Hauanio must provide sufficient facts to plausibly support her claims, under the pleading standards discussed above. Hauanio is cautioned that failure to timely file an amended complaint that addresses the deficiencies identified above will result in the automatic dismissal of this action. Furthermore, Hauanio is cautioned that if she chooses to file a Second Amended Complaint and it does not address the deficiencies described in this Order and in the Magistrate Judge's prior Findings and Recommendation, the Court may dismiss the future complaint with prejudice and without further leave to amend.

## CONCLUSION

For the foregoing reasons, the Court (1) DENIES TMO's motion to dismiss for lack of subject matter jurisdiction; (2) GRANTS TMO's motion to dismiss for

failure to establish personal jurisdiction; (3) GRANTS TMO's motion to dismiss for failure to state a claim for relief; and (4) DISMISSES the complaint without prejudice and with leave to amend.

If Hauanio elects to file an amended complaint, she must comply with the following requirements:

(1) Hauanio's deadline to file an amended complaint is May 13, 2024;

(2) Hauanio's amended complaint should be titled "Second Amended Complaint"; and

(3) Hauanio must cure the deficiencies identified above.

Hauanio is cautioned that failure to timely file an amended complaint that conforms with this Order will result in automatic dismissal of this action, and that failure to address the deficiencies identified in this Order may result in the dismissal of a Second Amended Complaint with prejudice.

IT IS SO ORDERED.

DATED: April 12, 2024, at Honolulu, Hawai‘i.




/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge