IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SUNSHINE H. HAUANIO, | Civil No. 23-00354 MWJS-RT |
| Plaintiff, | ORDER DISMISSING CASE WITHOUT PREJUDICE |
| vs. | |
| THE MICHAELS ORGANIZATION, | |
| Defendant. | |

## **ORDER DISMISSING CASE WITHOUT PREJUDICE**

Because pro se Plaintiff Sunshine H. Hauanio has failed to prosecute this lawsuit, the case is DISMISSED without prejudice.

1.  Hauanio filed an employment discrimination complaint in this Court on August 23, 2023, ECF No. 1, together with an in forma pauperis (IFP) application asking to proceed without prepayment of fees, ECF No. 2.  The Court granted the IFP application.  ECF Nos. 9 & 12.  As part of its required screening of the complaint, however, *see* 28 U.S.C. § 1915(e), the Court found that the initial complaint failed to state a claim for relief.  ECF Nos. 9 & 12.  Accordingly, it dismissed the original complaint. ECF Nos. 9 & 12.  The Court invited Hauanio to file an amended complaint curing the specified deficiencies, and she filed a First Amended Complaint (FAC).  ECF No. 14. Hauanio's former employer, Defendant The Michaels Organization (TMO), then filed a

motion to dismiss the FAC, ECF No. 20, and the Court dismissed the FAC for lack of

personal jurisdiction and for failure to state a claim for relief, ECF No. 30.  Once again,

the Court granted Hauanio leave to file a further amended complaint, and she filed a

Second Amended Complaint (SAC).  ECF No. 32.  But the SAC still failed to state a

claim for relief, and so the Court granted TMO's renewed motion to dismiss.  ECF No.

39.

 This time, because Hauanio had already had several chances to cure the

complaint's deficiencies, the Court did not immediately grant her leave to amend.

Instead, it offered her an opportunity to file a letter seeking leave to amend, in which

Hauanio could lay out supplemental factual allegations that she would add if she were

permitted to file a Third Amended Complaint.  *Id.* at PageID.253-54.  Hauanio filed a

letter request on October 23, 2024, ECF No. 43, but the allegations laid out in that letter

still fell short for the same reasons laid out in the Court's previous dismissal order, *see*

ECF Nos. 39 & 44.  For that reason, the Court denied Hauanio's request.  ECF No. 44.

 Meanwhile, Hauanio had been attempting to find counsel to assist her with

amending the complaint.  *See* ECF No. 43.  Acknowledging those efforts, the Court

denied Hauanio's request for leave to amend without prejudice, and it provided her

with one final opportunity to explain to the Court—with or without counsel—how an

amended complaint would ultimately cure the previously identified deficiencies.  ECF

No. 44.  But it warned Hauanio that failing to timely file a new letter by December 6,

2

2024, identifying the claims she wishes to pursue and supplementing her factual allegations to cure the SAC's deficiencies, would result in the automatic dismissal of the action. That deadline has now passed, and Hauanio has not filed a new letter request.

2. When a plaintiff fails to prosecute an action, courts have the inherent power to dismiss the case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also* Fed. R. Civ. P. 41(b). To determine whether dismissal for failure to prosecute is appropriate, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The balance of these factors supports dismissal of this action. First, the public's interest in the expeditious resolution of cases "always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). That is especially true here, where the case has now been pending for over a year and has not made it past the initial pleadings. Second, the Court has an ongoing responsibility to manage its docket. Third, allowing this action to continue even without an operative complaint would prejudice TMO because "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643. Such delay supports dismissal. Fourth, while the Court acknowledges the difficulties Hauanio has

faced in trying to find counsel, there are no viable less drastic alternatives.  The Court

provided Hauanio with several opportunities to amend her complaint on her own,

provided her with guidance on the prior complaints' deficiencies, and gave her two

final opportunities to file letter requests explaining how she could cure the SAC's

deficiencies.  That last opportunity provided Hauanio with one final extension to find

counsel or to address the deficiencies on her own.  The Court warned Hauanio that

failing to timely file a new letter request would result in dismissal.  The Court,

moreover, is electing to dismiss without prejudice, a less drastic sanction than a

prejudicial dismissal.  This factor therefore counsels in favor of dismissal.  *See In re

Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1237 (9th Cir. 2006)

(recognizing that warnings can satisfy the "availability of less drastic sanctions" factor).

Finally, the Court observes that public policy favors the disposition of cases on the

merits, and this factor thus weighs against dismissal.  *Pagtalunan*, 291 F.3d at 643.

The overwhelming weight of this analysis—four of the five factors—supports

dismissal.  Accordingly, this action is DISMISSED without prejudice.  The Clerk is

DIRECTED to enter judgment and close this case.

//

//

//

//

4

IT IS SO ORDERED.

DATED:  December 18, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge